UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JUSTIN VOIGT, ANDREW BELLIO, CHRISTIAN NUNEZ, and JOHN VOIGT, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

THR FLORIDA, L.P, THR Property Management L.P. and Invitation Homes Realty, LLC D/B/A Invitation Homes,

    Defendant.
_____/

Case No.

## NOTICE OF REMOVAL

Defendants, THR FLORIDA, L.P (THR FLORIDA), THR Property Management L.P. (THR) and Invitation Homes Realty, LLC D/B/A Invitation Homes (IH) hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. This removal is based on 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As detailed below, removal is proper under the Class Action Fairness Act (CAFA). In support of this notice of removal, Defendants state as follows:

### BACKGROUND

1. On March 18, 2025, plaintiffs filed this civil action against THR in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, case no. CACE-25-003740 (State Court Action). Plaintiffs assert claims on behalf of themselves and a putative class of allegedly similarly situated individuals under the Florida Residential Landlord and Tenant Act (FRTLA).

1

2. Plaintiffs allege that Defendant violated FRTLA by taking possession of Plaintiffs and the putative class members' security deposits prior to the 15-day period for tenants to object. *See* Complaint at ¶ 58. Based on this alleged violation, Plaintiffs seeks a return of the entire amount of the security deposit withheld. *Id.* at ¶ 61.

3. Plaintiffs seek to represent a class of individuals who:

> (a) leased a unit from Defendants as landlords, (b) did not receive a Florida Statute § 83.49(3)(a) compliant notice letter by certified mail from Defendants within 30 days of moving out, and (c) had any portion of their security deposit retained.

*Id.* at ¶ 37.

4. Plaintiff defines the "class period" as beginning four years prior to the filing of the Complaint. *Id.* at ¶ 38.

## TIMELINESS

5. Defendants were served with the State Court Action on March 20, 2025. This notice of removal is timely under 28 U.S.C. § 1446 because it is filed within 30 days after Defendants were served with Plaintiffs' state-court complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## VENUE

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing Broward County, Florida, the location where the State Court Action was filed.

## GROUNDS FOR REMOVAL

7. The Class Action Fairness Act (CAFA) grants federal district courts original jurisdiction when three conditions are met: (i) the aggregate amount in controversy exceeds $5 million, (ii) the parties have minimal diversity, "meaning at least one plaintiff is diverse from at

least one defendant," and (iii) there are at least 100 class members. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1267 (11th Cir. 2022) (citing 28 U.S.C. § 1332(d)(2) & (5)). This action satisfies each requirement of Section 1332(d)(2) and (5) and is thus within the original jurisdiction of this Court such that removal under CAFA is proper.

8. This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a putative class action with more than 100 putative class members, (2) there is minimal diversity among the parties; and (3) the Complaint places into controversy an amount that exceeds $5,000,000 in the aggregate.

  **A.** **This is a Covered Class Action**

9. This action meets the CAFA definition of a "class action," which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453, 1711. Plaintiffs bring this action ostensibly on behalf of a "Class" under Florida's state procedural rule governing class actions, Rule 1.220 of the Florida Rules of Civil Procedure. *See* Compl. ¶ 37.

  **B.** **The Putative Class Exceeds 100 Members**

10. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. While Plaintiff does not quantify the number of putative class members in the Complaint, a review of THR's records indicates that during the statutory period it withheld security deposits from approximately 13,060 tenants. *See* Declaration of Gerard Bianco attached hereto as **Exhibit A** at ¶ 13. Thus, there are approximately 13,060 putative class members.

  **C.** **There is Minimal Diversity Among the Parties**

11. The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

12. Plaintiffs are citizens of the State of Florida. *See* Complaint at ¶¶ 4-7. Plaintiffs seek to represent a class consisting of individuals in the State of Florida whose security deposits were withheld. *Id.* at ¶ 37.

13. THR is a Delaware limited partnership with its principal place of business in Texas. *See* Ex. A at ¶ 4; 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). THR has a limited partner and general partner, neither of which are citizens of the State of Florida. *See* Ex. A at ¶¶ 5-8. Thus, for purposes of removal and minimal diversity under CAFA, THR is not a citizen of the state of Florida. 28 U.S.C. § 1332(d)(10).

14. THR Florida is also a Delaware limited partnership with its principal place of business in Texas. *See* Ex. A at ¶ 10. THR has a limited partner and general partner, neither of which are citizens of the State of Florida. *See* Ex. A at ¶ 11. Thus, for purposes of removal and minimal diversity under CAFA, THR Florida is not a citizen of the state of Florida. 28 U.S.C. § 1332(d)(10).

15. IH is a is a Delaware limited liability corporation and its sole member is THR, which, as established above, is not a citizen of the State of Florida. *See* Ex. A at ¶¶ 12. Thus, for purposes of removal and minimal diversity under CAFA, IH is not a citizen of the state of Florida. 28 U.S.C. § 1332(d)(10).

16. Here, there is minimal diversity, as the Plaintiffs are citizens of Florida, and Defendants are citizens of either Delaware or Texas. This prerequisite of CAFA is met. 28 U.S.C.§ 1332(d)(2).

### D. The Amount in Controversy is at Least $5,000,000

17. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

18. A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

19. Based on Plaintiffs' allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.[1] With respect to the alleged FRTLA violation, Plaintiffs seek a return of all security deposits withheld. A review of Exhibit D attached to the complaint show that the amount sought by Plaintiffs is $722.57.

20. Since January of 2021, THR estimates that it has retained security deposits in the amount of $31,734,304.00 from approximately 13,060 tenants. *See* Ex. A at ¶ 13.

---

[1] Defendants deny that Plaintiffs or any potential putative class member are entitled to recover anything, and Defendants submit that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification. But Defendants provide the calculation of the aggregate amount at issue in this case solely for evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co*., 778 F.3d 909, 913 (11th Cir. 2014) (*quoting Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

21. Plaintiff is also seeking to recover attorney fees pursuant to FRTLA. A "reasonable amount" of attorneys' fees authorized by statute may be "included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15- cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.*, No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

22. In short, the aggregate amount in controversy exceeds $5 million. And because all CAFA prerequisites are met, this case is properly removable under CAFA.

## NOTICE

23. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal that will be filed with the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, is attached hereto as Exhibit B, and Defendants will serve a copy of this Notice on Plaintiffs.

24. A true and correct copy of the Circuit Court's online case docket in the State Court Action is attached hereto as Exhibit C.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendants in the State Court Action must be attached to this Notice. True and correct copies of all substantive documents that have been filed and served in the State Court Action, in the same sequence as they appear on the State Court Action case docket (excluding payment receipts, electronic confirmations, etc.), are attached hereto as Composite Exhibit D.

26. In the event that Plaintiffs seek to remand this case or the Court considers remand *sua sponte*, Defendants requests the opportunity to submit additional argument or evidence in support of removal.

## Non-Waiver of Defenses

27. No proceedings have occurred in state court as of the date of this Notice of Removal. In removing this action, Defendants do not intend to waive or relinquish any rights or defenses to which it is otherwise entitled, including, but not limited to, moving to compel arbitration, moving to dismiss this action, or otherwise asserting those defenses set forth in Federal Rules of Civil Procedure 12(b).[2]

WHEREFORE, Defendants respectfully request that the State Court Action pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, under Case No. CACE-25-003740, be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for all further proceedings.

Dated: April 18, 2025

Respectfully submitted,

By: */s/ Frank A. Zacherl*
Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com
Oliver Sepulveda, Esq.
Florida Bar No. 111763
OSepulveda@shutts.com

---

[2] Defendants have not yet filed a response to the Complaint, but will respond in accordance with Rule 81(c)(2) of the Federal Rules of Civil Procedure.

**SHUTTS & BOWEN LLP**
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7305
Facsimile:  (305) 347-7705
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18TH day of April 2025, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties.

*/s/Frank A. Zacherl*
FRANK A. ZACHERL