UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60753-ROSENBERG

JUSTIN VOIGT, et al.,

    Plaintiffs,

v.

THR FLORIDA, L.P., et al.,

    Defendants.
_____/

### ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS AND CLOSING CASE

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss at docket entry 13. The Motion has been fully briefed. For the reasons set forth below, the Court grants the Defendants' Motion to Dismiss.

The residential-tenant-Plaintiffs brought this case as a class action in Florida state court, contending that the Defendants (who lease residential properties) violated various Florida landlord-tenant laws. DE 1-5. The Defendants removed the case to this Court. DE 1.

The Defendants argue that this case must be dismissed under the "first-filed rule." DE 13 at 5. Under that rule, when there are two parallel cases in federal court, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Collegiate Licensing Co. v. Am. Cas. Co.*, 713 F.3d 71, 81 (11th Cir. 2013). The first-filed rule exists under the principle of comity and helps avoid duplication and the piecemeal resolution of disputes. *Strother v. Hylas Yachts, Inc.*, No. 12-CV-80283, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012). Courts may dismiss later-filed cases when invoking the first-filed rule. *Id.* at *1 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

Here, the Defendants argue that the first-filed case in federal court is *Glasbrenner v. THR Property Management, L.P.*, No. 25-CV-00543 (M.D. Fla. Feb. 18, 2025). *Glasbrenner* was filed earlier than the instant case, involves the same Defendants, includes the same claims (such as a claim for a violation of the Florida Residential Landlord Act), brings the same allegations (such as the allegation that the Defendants improperly frustrated the Plaintiffs from disputing residential security deposits), and, just like the instant case, is brought as a class action. The Defendants' argument is therefore facially persuasive—*Glasbrenner* does indeed appear to be parallel federal litigation that was filed prior to the instant case.

The Plaintiffs respond by arguing that there are three reasons why the Motion should be denied. Each is addressed in turn.

First, the Plaintiffs argue that the class definition in *Glasbrenner* is for plaintiffs who did *not* receive a certified mail notice from the Defendants about their residential security deposit, while the Plaintiffs in the instant case *did* receive such a notice. DE 14 at 2. That argument cannot be squared with the instant Plaintiffs' Complaint, however, as the Plaintiffs' class definition is for Plaintiffs who "***did not*** receive a . . . compliant notice letter by certified mail from Defendants." DE 1 at 11 (emphasis added). Indeed, a close analysis and comparison of the two complaints shows that the proposed class definitions are the same. *See* DE 18 at 3-4.

Second, the Plaintiffs argue that the Defendants in the instant case are not the same as the Defendants in the *Glasbrenner* case. DE 14 at 2. The Defendants in the instant case are THR Property Management, L.P., THR Florida, L.P., and Invitation Homes Realty, LLC. DE 1-5. Both THR and Invitation Homes are named Defendants in *Glasbrenner*. *Glasbrenner*, DE 12. But because the named Defendants in *Glasbrenner* include additional defendants not named in the instant case, the Plaintiffs argue the Motion should be denied. DE 14 at 3. But the question in this

Circuit is not whether the parties in both cases are completely identical—it is whether there are "overlapping issues and parties." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The parties and issues overlap.

Third, the Plaintiffs argue that in lieu of dismissal this Court should remand this case to state court. DE 14 at 4. In support of that argument, however, the Plaintiffs cite to no legal authority. The Court is not persuaded by this argument because (1) it neither contains nor argues legal authority in support of the request, (2) it seeks relief in the body of a response in lieu of in an independent motion, and (3) it comes more than thirty days after this case was removed from state court, but motions to remand on the basis of any defect other than subject matter jurisdiction must be made within thirty days. 28 U.S.C. § 1447(c).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motion is **GRANTED**, this case is **DISMISSED**, and the Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of August, 2025.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3